Samuel M. Gray *vs.* Daniel L. D. Granger, City Treasurer of the City of Providence.

The city engineer of the city of Providence, elected January, A. D. 1890, was a public officer.

Pub. Laws R. I. cap. 869, of May 1, 1890, repealed the statute and ordinances under which the city engineer had been elected, and abolished his office as it previously had existed.

Assumpsit. Heard by the court, jury trial being waived.

*January* 10, 1891. Stiness, J. The plaintiff, in January, 1890, was elected city engineer of the city of Providence for the term of one year, under authority of a then existing statute. At the January session, 1890, Public Laws R. I. cap. 869, of May 1, 1890, was enacted, which provides that the mayor of the city of Providence, in February, 1891, and triennially thereafter, shall appoint a commissioner of public works for the city of Providence ;

that the commissioner of public works now in office and those here-
after to be appointed shall have control of the engineering depart-
ment of said city, " and shall annually on the first Monday in May
in each year appoint a city engineer of the city of Providence, and
from time to time such subordinate engineers and assistants as he
may deem necessary." Under this act J. Herbert Shedd was ap-
pointed city engineer by the commissioner of public works on the
first Monday of May, 1890. The plaintiff received his pay as city
engineer up to May, 1890, but the city has refused to pay him any
salary since that time, and this suit is brought to recover what he
claims to be due for the months of May, June, and July, 1890.
Although the plaintiff has not performed the duties of city engi-
neer since the first Monday of May last, he contends that he has
not been removed from office by the last-mentioned act of the
General Assembly; and, being ready and having offered to per-
form the duties of the office, he is entitled to his salary for the
remainder of his term. There is no controversy between the par-
ties to this suit that the legislature has power to change the law so
as to abolish an office and provide for a new one, in cases of pub-
lic officers, and that when this is done the incumbent's right to
the office and its emolument ceases. But the plaintiff put his
claim upon two grounds. First, that cap. 869 does not abolish
the office of city engineer as then existing, but simply provides
for *a* city engineer, *i. e.* another, who is to be connected with the
department of the commissioner of public works and under his
control. Hence he claims that he is still city engineer. We do
not think this was the purpose and effect of the act. With such
an intent, it is almost incredible that the act should have made no
mention of the new office as additional to the existing office, and
that, giving it the same name, it should have made no limitation or
division of the separate duties of the officers, save that the new one
was to be under the control of the commissioner of public works.
The act provides that all acts and parts of acts inconsistent there-
with are repealed. While this provision is often added simply
upon the ground of caution, and may not therefore be very signifi-
cant, nevertheless, since it would be wholly unnecessary if only a
new office was created, it tends to indicate an intent to alter the
previous law. The act puts the whole engineering department of

the city under the control of the commissioner of public works, showing that there were not to be two engineering departments, but one. It is not, then, reasonable to suppose that the General Assembly meant to require the city of Providence to have two city engineers, and we do not think such a construction is to be gathered from the terms of the act. But if this be so, the plaintiff also contends that the act should not be construed to abolish his existing office, but only to act prospectively by fixing the time for appointing the officer hereafter. The terms of the act are too explicit to admit of this construction. It provides that the commissioner of public works " now in office," as well as those hereafter to be appointed, shall have control of the engineering department, and annually, on the first Monday in May, appoint a city engineer. If the part relating to the appointment of an engineer was only to take effect after the end of the plaintiff's term of office, the time for the first appointment would be in May, 1890 ; but a new appointment of commissioner of public works is to be made in February, 1891, so that the commissioner " now in office " could not make an appointment at all, under such a construction of the statute. This part of the act relates as plainly to the commissioner now in office as other provisions, and in giving effect to the several parts we do not think we can exclude the present commissioner from the authority to appoint a city engineer. It is also to be noted that cap. 869, passed May 1, 1890, specially provided that it should take effect upon its passage. The plaintiff cites in support of his contention *Farrell* v. *Pingree*, 16 Pacific Reporter, 843, where the term of office of a county treasurer was reduced from four years to two. It was held that an unexpired term was not affected by the change, because no intention to change it appeared in the act. If such an intention had been disclosed in the act, it was conceded that the existing term of office would have ceased. In the present case, as we have stated, such an intention clearly appears.

The second ground of the plaintiff's claim is that he is not to be regarded as a public officer, removable at the will of the General Assembly, but as one who renders professional services under an employment amounting to a contract. In support of this claim he cites *Chase* v. *City of Lowell*, 7 Gray, 33. In that case the city

council of Lowell authorized a committee " to contract with and employ a suitable person for city engineer for the ensuing year, or for such time as they may deem expedient." The committee chose the plaintiff for the term of one year, ending April 1, 1855. In October, 1854, the city council passed a code of revised ordinances, which provided that certain officers, including a city engineer, should be chosen by the city council in the month of January. Accordingly, in January, 1855, a city engineer was elected, but the plaintiff claimed his salary to April 1, 1855, the end of the term for which he had been employed. It was held that his appointment, under the power given to the committee, constituted a contract which entitled him to his compensation for the whole year. The committee was only authorized to make a private contract; not to appoint a city officer, as such; and therein the case differs widely from the one before us. It is true the opinion of the court treated the plaintiff as an officer. Recognizing the power of the legislature to shorten a term of office when it is not fixed by the constitution, *Taft* v. *Adams*, 3 Gray, 126, it nevertheless held that cities and towns had no such power, except for cause, unless the power had been expressly conferred by statute. In the present case the action was by the legislature, and not by the city.

In *Caverly* v. *City of Lowell*, 1 Allen, 289, an ordinance creating the office of city solicitor and defining his duties was held to be a contract to the extent of determining what services were a part of his official duty, and what might be regarded as extra services for which he was entitled to additional pay.

We think the plaintiff in the case at bar was a public officer. His election was authorized by statute; Pub. Laws R. I. cap. 942, of March 23, 1871; he was elected by the city council in joint convention pursuant to an ordinance of the city; he was specially charged with public duties, and required to make annual reports of his department. City Ordinances of 1887, cap. 34.

While the duties of his office called for peculiar and professional skill, this is also requisite, to some extent at least, in other departments of a city government. We do not think the officer, for this reason, ceases to be a public officer, nor that his tenure of office is to be regarded as that of a professional employee under contract.

We therefore decide that cap. 869 repealed the prior act, and so removed the plaintiff from office by abolishing the office as then existing and providing for a new appointment.

*Judgment for the defendant for costs.*

*Edwin Metcalf & Arnold Green*, for plaintiff.

*Nicholas Van Slyck*, City Solicitor, and *Cyrus M. Van Slyck*, Assistant City Solicitor, of the city of Providence, for defendant.